**AFFIDAVIT**

I, Sarah Asson, being duly sworn, hereby state and declare as follows:

## I. INTRODUCTION

1. I am a Special Agent ("SA") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). I am currently assigned to the HSI Resident Agent Office in Glenwood Springs and have been employed by ICE since 2005. Prior to my employment with HSI, I was employed by the United States Customs Service as an Inspector from 2003 to 2005. Among other duties, HSI is responsible for enforcing federal criminal statutes prohibiting the importation and possession of controlled substances.

2. The information contained in this affidavit is based on my personal observations, witness interviews, conversations with investigators and agents of HSI and other agencies involved in this investigation, and the review of documents obtained during this investigation. This affidavit does not purport to set forth all my knowledge of, or investigation into, this matter. Where conversations and events are referred to herein, they are related in substance and in part. I have set forth

only those facts that I believe are necessary to establish probable cause to warrant the requested orders.

## II. PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of an application for the following:

  a. A warrant authorizing the installation in and use of a tracking or beeper device on the **SUBJECT PACKAGE** described below; and

  b. An anticipatory search warrant for the **SUBJECT DELIVERY LOCATION** described below (as determined by visual surveillance of the **SUBJECT PACKAGE** and electronic monitoring of the beeper devices and the recipient premises at 2875 Manns Ranch Road Unit G4, Vail, CO 81657, as to which the triggering circumstances described within Section VI of this affidavit are satisfied, for evidence of the following criminal violations: 18 U.S.C. § 542 (Entry of Goods by Means of False Statements); 18 U.S.C. § 371 (Conspiracy to Commit Offense or to Defraud United States); 18 U.S.C. § 545 (Smuggling Goods into the United States); and 21 U.S.C. §§ 952 (Importation of Controlled Substances).

## III. BEEPER INSTALLATION AND PACKAGE TO BE TRACKED

4. This affidavit is submitted in support of applications to install an electronic tracking device, also referred to

herein as a "trip wire" or "beeper," and to monitor the tracking device in the following:

    a.   One white cardboard box, bearing United States Postal Service (USPS) tracking number "RN097514244NL", with a receiving address of 2875 Manns Ranch Road Unit G4, Vail, CO 81657 and addressed to Devin Terrio hereafter referred to as the **SUBJECT PACKAGE.**

**IV.   ANTICIPATORY SEARCH WARRANT – PREMISES TO BE SEARCHED**

5.   This affidavit is also submitted in support of applications for anticipatory search warrant for the **SUBJECT DELIVERY LOCATION**.  The premises to be searched is the location (as determined by visual surveillance of the **SUBJECT PACKAGE** and electronic monitoring of the beeper device) in which a beeper device is triggered, signifying that the **SUBJECT PACKAGE** bearing USPS tracking number "RN097514244NL" (SUBJECT PACKAGE), addressed to 2875 Manns Ranch Road Unit G4, Vail, CO 81657 has been opened.  In the event that the beeper device is not triggered within 48 hours of the date of delivery, as described in Section VI of the affidavit to this search warrant, agents may enter the premises where the SUBJECT PACKAGE is believed to be located only to remove the SUBJECT PACKAGE, including the beeper device and contraband contained in the SUBJECT PACKAGE.

### *V.    ITEMS TO BE SEIZED*

6.   The items to be seized are described in Attachment B, and are evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 542 (Entry of Goods by Means of False Statements); 18 U.S.C. § 371 (Conspiracy to Commit Offense or to Defraud United States); 18 U.S.C. § 545 (Smuggling Goods into the United States); and 21 U.S.C. §§ 952 (Importation of Controlled Substances) specifically:

   a.   The SUBJECT PACKAGE, that is, the package bearing USPS tracking number "RN097514244NL", with a receiving address of 2875 Manns Ranch Road Unit G4, Vail, CO 81657 and addressed to Devin Terrio, and the contents contained therein;

   b.   The beeper tracking device in the SUBJECT PACKAGE, and any portion thereof;

   c.   the packaging of the SUBJECT PACKAGE, and

   d.   the paperwork accompanying the SUBJECT PACKAGE.

### VI.   STATEMENT OF PROBABLE CAUSE

7.   Through my training and experience, I am aware that pursuant to 19 U.S.C. § 1582, U.S. Customs and Border Protection (CBP) officials may search and inspect mail and packages arriving from outside the United States without cause.  Also,

pursuant to 19 U.S.C. § 1595a(c), CBP officials may detain and/or seize any item deemed to be contraband.

    8.    On or about April 18, 2018, I received an email from HSI Special Agent Gerald Kavanagh, who is assigned to the HSI Grand Junction Office and was acting as the agent on duty, regarding one United States Postal Service Parcel containing MDMA. Through my review of the reports and documents, I learned the following:

    a.    On or about April 18, 2018, U.S. Customs and Border Protection (CBP) Agriculture Specialist Mohammad Ikram, at the San Francisco (SFO) Airmail Center, intercepted an international mail parcel shipped from The Netherlands, that is, the **SUBJECT PACKAGE.** Inside the package was approximately 466 grams of unknown blue tablets described as "garlic rosemary, almonds, sea salt, original."

    b.    The intended recipient written on the **SUBJECT PACKAGE** was Devin Terrio, 2875 Manns Ranch Road Unit G4, Vail, CO 81657.

    c.    The **SUBJECT PACKAGE** listed the USPS tracking number "RN097514244NL."

    d.    On or about April 18, 2018, CBP Officers at the SFO Airmail Center tested the substance using a Gemini 1722 analyzer. The substance presumptively tested positive for methylenedioxy-methamphetamine ("MDMA" / "Ecstasy"). MDMA is a

schedule I controlled substance.

9. On or about April 20, 2018, I learned the following:

   a. On or about April 18, 2018, the **SUBJECT PACKAGE** arrived from The Netherlands, with the Shipper listed as Rover Media Group, Hoofdstraat 24, Heijen, Netherlands 6598AE. The listed recipient of the **SUBJECT PACKAGE** listed a receiving address of 2875 Manns Ranch Road Unit G4, Vail, CO 81657 and addressed to Devin Terrio. I conducted a query of a database service utilized by law enforcement agencies. I learned that the listed recipient, Devin Terrio, is associated with the address 2875 Manns Ranch Road Unit G4, Vail, CO 81657 through utility listings and credit reporting agencies.

10. On April 20, 2018, at approximately 1230 hours a white Toyota Prius was observed parked in an assigned parking spot for "G4" at the address of 2875 Manns Ranch Road, Vail, CO 81657. This vehicle's plate was 1EL418 from Massachusetts and registered to Devin Terrio at 48 Sylvan Way, S Chatham, MA 02659. An open source internet search found a website where a woman named Devin Terrio listed herself as living in Vail, CO and being from Chatham, MA.

11. On April 20, 2018, at approximately 1236 hours I encountered a USPS carrier delivering mail in the vicinity of

2875 Manns Ranch Road, Vail, CO 81657.  The postal carrier opened the mail box for 2875 Manns Ranch Road Unit G4, Vail, CO 81657.  Inside the mailbox were printed labels identifying the recipients of mail at the address.  The following names were listed inside the mailbox for 2875 Manns Ranch Road Unit G4, Vail, CO 81657: Cook; Stern; Burchenal; Schipper; Terrio; Runyon; Zonno.

### VII. *CIRCUMSTANCES THAT WILL ACTIVATE THE ANTICIPATORY SEARCH WARRANT FOR THE SUBJECT PREMISES*

12.  The anticipatory search warrant to search the **SUBJECT DELIVERY LOCATION** described herein will be triggered by the following circumstances.  After the warrant is obtained, HSI SAs will conduct a controlled delivery of the **SUBJECT PACKAGE**.  The controlled delivery will be conducted in the following fashion:

   a.  The **SUBJECT PACKAGE** will contain the contents described above for the package, including the substance described above that was previously contained therein.  The beeper device described above will be installed in the **SUBJECT PACKAGE**.

   b.  An HSI Special Agent acting in an undercover capacity will enter the address of 2875 Manns Ranch Road Unit G4, Vail, CO 81657 to hand deliver the **SUBJECT PACKAGE.**

   c.  The triggering event to activate this

anticipatory search warrant and permit its execution is once the beeper device alerts agents that the **SUBJECT PACKAGE** has been opened, or if the beeper does not alert but the package appears based on surveillance to have gone inside the delivery location of 2875 Manns Ranch Road Unit G4, Vail, CO 81657 and the beeper has not alerted after an hour of being inside the aforementioned address on the day that the **SUBJECT PACKAGE** is delivered.

## VII. CONCLUSION

13.  Based on the information explained above, I believe that probable cause exists to issue the requested warrants.

_s/ Sarah Asson_
Sarah Asson
Special Agent, HSI

Submitted, attested to, and acknowledged by reliable electronic means on April __24__, 2018.

_____
Gordon P. Gallagher
United States Magistrate Judge
District of Colorado

Affidavit was reviewed and submitted by AUSA Pete Hautzinger on April 23, 2018.

## ATTACHMENT A

## PREMISES TO BE SEARCHED

The premises to be searched for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 542 (Entry of Goods by Means of False Statements); 18 U.S.C. § 371 (Conspiracy to Commit Offense or to Defraud United States); 18 U.S.C. § 545 (Smuggling Goods into the United States); and 21 U.S.C. §§ 952 (Importation of Controlled Substances):

The premise to be searched is the property located at: 2875 Manns Ranch Road Unit G4, Vail, CO 81657, further described as a two-story apartment building with a brown wood and stone exterior. A tan chimney on the exterior of the building has the letter "G" in a large black letter. While facing west, and the front of Building "G," the lower right apartment has the phrase, "G4," in black letters beneath a porch light.







## ATTACHMENT B

## ITEMS TO BE SEIZED

The items to be seized at the ("SUBJECT PREMISES") described as 2875 Manns Ranch Road Unit G4, Vail, CO 81657, that are evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 542 (Entry of Goods by Means of False Statements); 18 U.S.C. § 371 (Conspiracy to Commit Offense or to Defraud United States); 18 U.S.C. § 545 (Smuggling Goods into the United States); and 21 U.S.C. §§ 952 (Importation of Controlled Substances).

a. The SUBJECT PARCEL and its contents;

b. The beeper and tracking devices, and any portion thereof;

c. Narcotic drugs and controlled substances, methylenedioxy-methamphetamine ("MDMA" and "Ecstasy"), ketamine, and other controlled substances, drug paraphernalia, scales, measuring devices, weighing devices, drug packaging materials, including, plastic, aluminum foil, cellophane, jars, plastic bags, and containers, and other items used in the packaging of drugs;

d. Quantities of cash in amounts of $1,000 or more;

e. Drug or money ledgers, drug distribution or customer lists, drug supplier lists, correspondence, notations, logs, receipts, journals, books, records, and other documents noting the price, quantity and/or times when drugs were obtained, transferred, sold distributed, and/or concealed;

f. Bank account records, wire transfer records, bank statements, safe deposit box keys and records, money wrappers, rubber bands, money containers, financial records and notes showing payment, receipt, concealment, transfer, or movement of money generated from the sale of drugs;

g. Personal telephone and address books and listings, letters, cables, telegrams, telephone bills, personal notes, and other items reflecting names, addresses, and

telephone numbers, communications, and illegal activities of associates involved or believed to be involved in drug trafficking activities;

      h.     Money wrappers, rubber bands, money containers, money counting machines, boxes, bags, briefcases, suitcases, or containers used to carry large amounts of currency or controlled substances;

      i.     Records, documents, and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items, and the keys to any such real estate, vehicles, or safe deposit boxes;

      j.     Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, cancelled checks, maps, and written directions to locations;

      k.     Locking containers, fireproof or resistant containers, satchels, briefcases, bags and/or similar containers which might be used to store any of the above noted items;

      l.     Other chemical components or precursors for MDMA.

      m.     Documentary evidence, invoices, bills of lading, customs declarations, mail parcel receipts, airway bills, or other documents referencing the purchase, transportation, or distribution of narcotics;

      n.     Indicia of occupancy, residency, leasehold, or ownership of the SUBJECT DELIVERY LOCATION and things described in this warrant, including utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, escrow documents, keys, and bank account records;

      o.     Any consumer electronics such as video cameras, memory cards, cell phones, laptop computers, storage drives, video equipment depicting computer records and data information that may show transactions, records, E-mail history and phone requests pertaining to MDMA and other narcotics purchases, sales or distribution;

p.      With respect to any digital device used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized:

i.      Evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

ii.     Evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii.    Evidence of the attachment of other devices;

iv.     Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v.      Evidence of the times the device was used;

vi.     Passwords, encryption keys, and other access devices that may be necessary to access the device;

vii.    Applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

viii.   Records of or information about Internet Protocol addresses used by the device;

ix.     records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

q. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

r. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.